IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17–20–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| WILLIAM MATTHEW REAVES, | |
| Defendant. | |

Before the Court is Defendant William Matthew Reaves' motion for early termination of supervised release. (Doc. 39.)¹ Mr. Prindle pled guilty to one count of possession of an unregistered firearm, in violation of 26 U.S.C. § 5841, 5861(d), and on May 3, 2018, was sentenced to a probationary term of 5 years. (Doc. 30.) Mr. Reaves now seeks the premature termination of his remaining term of probation. Neither the United States or the United States Probation Office object. (Doc. 39 at 1–2.) For the reasons stated herein, the Court will grant the motion.

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of

---

¹ Although Mr. Reaves' motion is styled as one for the early termination of supervised release, he is actually on probation, and therefore the Court's analysis is governed by a similar, but different, statutory framework. *Compare* 18 U.S.C. § 3583(e) (early termination of supervised release term) to 18 U.S.C. § 3564(c) (early termination of probationary term). This oversight has no bearing on adjudication of the current motion.

1

probation,[2] terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

The relevant § 3553(a) factors generally include "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (construing the factors applicable to the early termination of supervised release). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of probation context. *See United States v. Emmett*, 749 F.3d 817, 821 (9th Cir. 2014) (applying this standard to early termination of supervised release motions).

As noted above, Mr. Reaves began his current 5-year probationary term on May 3, 2018. This means Mr. Reaves has served at least one year of his probationary term, rendering him statutorily eligible for termination under 18 U.S.C. § 3564(c).

---

[2] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the length of Mr. Reaves' probation. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Reaves waives it, or if the proposed modification is favorable to him and the United States' does not object. The premature termination of Mr. Reaves' probation is obviously favorable to him and, as noted above, the United States does not object. Accordingly, the Court will dispose of this matter without a hearing.

Upon considering the relevant factors, the Court finds they support terminating the remaining portion of Mr. Reaves probationary sentence. While Mr. Reaves' underlying conviction is undoubtedly serious, his actions since beginning his probationary term demonstrate that no additional expenditure of resources on his behalf is necessary. The Court wishes Mr. Reaves the best of luck.

Accordingly, IT IS ORDERED the motion (Doc. 40) is GRANTED.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 3564(c), Mr. Reaves remaining term of probation is TERMINATED.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 21st day of December, 2021.

_____
Dana L. Christensen, District Judge
United States District Court